# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUMALDO MISTER MANZANARES,<br><br>Defendant. | Case No. 25-cr-087 EJD (NC)<br><br>**DETENTION ORDER**<br><br>Hearing: 10/30/2025 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on October 30, 2025, held a detention or release hearing for defendant Manzanares. The Court concluded that the Government established a basis to detain the defendant under the statute, as explained further below.

Manzanares is charged by Indictment with distribution of 40 grams or more of fentanyl resulting in death, (21 U.S.C. § 841(a)(1) and (b)(1)(B)). The Government proffered a second, uncharged, death resulting from the defendant's distribution of fentanyl. The defendant is presumed innocent of the charges; entered a not guilty plea; and nothing in this order may be construed as evidence of his guilt. Both parties were advised of their right to appeal this decision to the presiding District Judge. Manzanares was previously advised of his rights and appeared at the hearing with his appointed counsel, AFPD Sophia

Whiting. The prosecution was reminded of its obligations to victims under the Crime Victims Rights Act and the AUSA, Jeff Nedrow, stated that no crime victim wished to present any information to the Court in connection with the detention or release decision.

The parties and the Court were assisted by a pre-bail report and an addendum dated October 29, 2025, prepared by Pretrial Services. Dkt. No. 11. Pretrial Services recommended release on a combination of conditions.

Considering all the factors under the Bail Reform Act, 18 U.S.C. § 3142(g), the Court determined that the Government met its burden to establish by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the accused person; and established by more than clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. As to the nature and circumstances of the offense charged, it is a controlled substance distribution offense that resulted in the death of a firefighter. The seriousness of the danger of release is reflected in the most serious of consequences – death – tied to the charged offense and proferred evidence. At the time of the current offense conduct, the accused was on community state supervision and was wearing an ankle monitor. Unfortunately, this did not deter his conduct. In mitigation, the defendant has ties and familial ties to this District; has family support; and would benefit from drug testing and treatment. But on balance, given the defendant's recent track record on supervision; the seriousness of the current charge; and the weight of the evidence presented, the Court finds that the Government met its burden in support of detention.

The defendant Manzanares is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection

with a court proceeding.

The next Court date is January 12, 2026, before the District Court Judge.

IT IS SO ORDERED.

Date: October 30, 2025

_____
Nathanael M. Cousins
United States Magistrate Judge